IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN CAESAR KNOX, JR.,

                Plaintiff,
v.                                                                                    OPINION and ORDER

JANE DOES CLIFF, MINDY, ANITA, BOBBY,                        21-cv-222-jdp
MICHELLE, BRENDA, and LORIE,

                Defendants.

---

In May 2022, pro se plaintiff Shawn Caesar Knox, Jr.'s probation officer notified the court that Knox has died. Knox was proceeding in this case on claims that nurses at Dane County Jail denied him proper diabetic care. Dkt. 13.

Under Federal Rule of Civil Procedure 25(a)(1), Knox's successor or representative has 90 days after receiving notice of Knox's death to file a motion to be substituted as the plaintiff in this case. But the 90-day deadline doesn't begin running until defendants serve the notice of death on the successor or representative. *See Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008). In a May 20, 2022, order, I instructed defendants to identify the proper party to be substituted and then serve notice on that party, or to show cause why they were unable to do so. Dkt. 21. The defendants have submitted their response, in which they say that they mailed letters to three of the last known addresses of an individual, Nicole Andruss, "who Dane County believes" is Knox's "wife/partner/significant other and mother of their children." Dkt. 24, at 2. Defendants ask the court to find that their efforts started the 90-day clock under Rule 25(a)(1). *Id*, at 2–3. The court will decline to do so for three reasons.

First, defendants haven't provided enough information for the court to determine whether Andruss is Knox's "successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25

doesn't define "successor" or "representative." But the Court of Appeals for the Seventh Circuit has interpreted "successor" to mean the heirs or beneficiaries of an estate that has been distributed, and "representative" to mean a personal representative if the estate hasn't been distributed. *See Atkins*, 547 F.3d at 873; *cf. Schwister v. Schoenecker*, 2002 WI 132, ¶ 9 n.9, 258 Wis. 2d 1, 654 N.W.2d 852 (under Wisconsin substitution rule that is based on Rule 25, "representative" refers to legal personal representative appointed by the probate court, and "successor" means heirs or beneficiaries of a will or distributees of an estate that has been distributed). Defendants say that "Dane County believes" that Andruss is Knox's "wife/partner/significant other and mother of their children," but that is not enough to establish whether she is an heir or beneficiary of Knox's estate or that she is Knox's personal representative.

Second, defendants didn't satisfy Rule 25's service requirement. Under Rule 25, "nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative of successor." *Atkins*, 547 F.3d at 874. Service on a nonparty must be effectuated in the manner provided by Rule 4 for the service of summons. Fed. R. Civ. P. 25(a)(3); *Atkins*, 547 F.3d at 874. Defendants say that they mailed their letter to "three of the last known addresses that Ms. Andruss resided at." Dkt. 24, at 2. But the text of Rule 4 doesn't permit service by mail, and Wisconsin law only allows for service by mail when personal service can't be accomplished "with reasonable diligence" and when the mailing is combined with publication of the notice under Wis. Stat. Ch. 985. *See* Wis. Stat. § 801.11(1)(c).

Third, defendants haven't shown cause why they were unable to identify Knox's successor or representative and serve the notice of death on that individual. *See* Dkt. 21, at 2. Defendants don't explain what efforts they made to identify the correct individual, other than

to say that a Dane County employee "concluded" that the letters should be sent to Andruss. Dkt. 25, ¶ 4. Defendants also don't explain why they chose to mail the letters instead of attempting personal service.

Because defendants haven't satisfied the requirements of Rule 25, the 90-day period for Knox's successor or representative to file a motion for substitution has not started. I will give defendants another 30 days to identify the proper party to be substituted and serve notice on that party or show cause why they are unable to do so.

ORDER

IT IS ORDERED that Defendants may have until January 3, 2023, to serve the proper party with notice of death and to file proof of service or show cause why they were unable to do so.

Entered December 1, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge